IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-16783 |
| | ) | |
| PIERRES CATERING SERVICE INC., | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| Debtor. | ) | |
| | ) | Hearing Date:  April 29, 2015 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:     742 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

| | |
|---|---|
| Name of Applicant: | FrankGecker, LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, Chapter 7 Trustee of the Estate of PIERRES CATERING SERVICE, INC. |
| Period for Which Compensation is Sought: | April 24, 2012 through February 27, 2015 |
| Amount of Fees Sought: | $5,000.00[1] |
| Amount of Expense Reimbursement Sought: | $ 0.00 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

---

[1] The total incurred fees equal $10,478.50 and expenses equal $96.80. FrankGecker LLP has voluntarily agreed to charge a flat rate of $5,000 and write off their expenses to allow for more funds to be distributed to creditors.

{PIERRE/001/00040147.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) No. 12-16783 |
| | ) |
| PIERRES CATERING SERVICE INC., | ) Chapter 7 |
| | ) |
| | ) Honorable Carol A. Doyle |
| Debtor. | ) |
| | ) Hearing Date: April 29, 2015 |
| | ) Hearing Time: 10:30 a.m. |
| | ) Room No.: 742 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **April 29, 2015**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of PIERRES CATERING SERVICE, INC., for Compensation and Reimbursement of Expenses.**

Dated: March 5, 2015

Respectfully submitted,

FRANCES GECKER, not individually but
as Chapter 7 Trustee of the bankruptcy
estate of PIERRE'S CATERING SERVICE,
INC.,

By: /s/    *Reed Heiligman*
One of Her Attorneys

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:    (312) 276-0035
rheiligman@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-16783 |
| | ) | |
| PIERRES CATERING SERVICE INC., | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| Debtor. | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF PIERRES CATERING SERVICE INC.
<u>FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

FrankGecker LLP, counsel to Frances Gecker, not individually, but as Chapter 7 Trustee, of the estate of PIERRES CATERING SERVICE INC., (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking a reduced amount of compensation totaling $5,000.00[2] for legal services performed and expenses incurred during the period of April 24, 2012 through February 27, 2015 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

## BACKGROUND

1. On April 24, 2012, the Debtors filed a voluntary petition for relief under Chapter 7 of the Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Petition").

2. Frances Gecker (the "Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

---

[2] The total incurred fees equal $10,478.50 and expenses equal $96.80. FrankGecker LLP has voluntarily agreed to charge a flat rate of $5,000 and write off their expenses to allow for more funds to be distributed to creditors.

{PIERRE/001/00040147.DOCX/}                 3

3. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case. On June 12, 2012, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to April 24, 2012.

4. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

5. One of the assets of the Estate consisted of the Debtor's catering business equipment (the "Equipment") and real estate located at 1433 E. 79th Street, Chicago, Illinois (the "Real Estate").

6. Since her appointment, with the assistance of FG, the Trustee has sold the Debtor's Equipment which netted the estate $20,277.22, and the Debtor's Real Estate which netted the Estate $175,000 which paid a secured creditor in the amount of $105,083.46.

7. This Application seeks allowance of all fees and expenses incurred by FG from April 24, 2012 through February 27, 2015. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

8. Because of the extensive work spent in selling the Real Estate and equipment, FG has written off approximately $5,655.19 of its fees and costs (the "Trustee Discount") in order to allow a distribution to the claimants in this Case.

### I. SERVICES PERFORMED

**A.   Administration**                                                                                          **$595.00**

FG spent **1.70** hours at a cost of **$595.00** on issues relating to the administration of the bankruptcy case including reviewing Debtor's records.

**B.   Liquidation of Assets**                                                                                   **$528.00**

FG spent **1.50** hours at a cost of **$528.00** on communications with Trustee's auctioneer, including coordinating the sale of Debtor's equipment.

**C.   Retention of Professionals/Fee Application**                                              **$1,130.50**

FG spent **3.20** hours at a cost of **$1,130.50** on issues relating to drafting, filing and appearing in court on Trustee's motions to employ her Auctioneer, Broker, Counsel and Accountant.

**D.   Sale of Real Estate**                                                                                      **$8,300.00**

FG spent **23.70** hours at a cost of **$8,300.00** relating to the sale of real estate located at 1433 East 79th Street, Chicago, Illinois 60619-4643. FG negotiated an agreement with the secured creditor to sell the Real Estate in the amount of $175,000.00, paying the secured creditor $105,083.46 with a carve-out of $12,000.00 for the bankruptcy estate.

## II. ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

## II. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from April 24, 2012 through and including February 28, 2015. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331. Because of the limited funds in this case, FG has written off all time with regards to motions to employ and drafting of fee applications.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **30.10 hours** providing necessary legal services for the Trustee and FG has voluntarily written off (**$5,553.50**) of its fees. As a result, compensation in the amount of **$5,000.00** for actual, necessary legal services performed (Exhibit A). The average hourly rate before reduction was $350.61. In addition, FG has written off the sum of (**$101.69**) for actual necessary expenses incurred in

{PIERRE/001/00040147.DOCX/} 6

representing the Trustee. FG does not charge for expenses related to faxing and copying charges, and only charges for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$5,000.00**;

B.  Authorizing the Trustee to pay FrankGecker LLP compensation reimbursement in the total amount of **$5,000.00**.

Dated: March 5, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
PIERRE'S CATERING SERVICE, INC.,

By: /s/   *Reed Heiligman*
   One of Her Attorneys

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:  (312) 276-1400
Facsimile:  (312) 276-0035
rheiligman@fgllp.com